# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

RONALD SUTHERLAND,

              Plaintiff,

v.

DR. JAMES BALES, et al.,

              Defendants.

Case No. 3:25-cv-00190-SLG

## SCREENING ORDER

On September 3, 2025, self-represented litigant Ronald Sutherland ("Plaintiff") filed a civil complaint and an application to waive payment of the filing fee.[1] Plaintiff's claims relate to events that allegedly occurred while he was housed at the Anchorage Correctional Complex in the custody of the Alaska Department of Corrections ("DOC"), although it appears that Plaintiff was not in DOC custody when he filed this case.

Plaintiff claims Defendants have violated the First, Fourth, Eighth, and Fourteenth Amendments to the U.S. Constitution. He also brings state tort claims of assault and battery, medical malpractice, negligence, false imprisonment, and deceptive trade practices. He also accuses Defendants of participating in criminal activity, such as perjury and conspiracy.

---

[1] Dockets 1-2.

The Court has now screened Plaintiff's Complaint in accordance with 28 U.S.C. § 1915(e). For the reasons explained in this order, the Complaint is DISMISSED for failing to adequately state a claim for which relief may be granted. Plaintiff is accorded **60 days** to file an amended complaint only as to his claims against Dr. Bales arising from his spinal surgery. In an amended complaint, Plaintiff must address whether he properly qualifies for equitable tolling or other grounds sufficient to overcome the applicable statute of limitations for that claim. Alternatively, Plaintiff may file a notice of voluntary dismissal in which he elects to close this case.

Pursuant to Rule 201 of the Federal Rules of Evidence, the Court takes judicial notice[2] of the Courtview records of the Alaska Trial Courts.[3]

## SCREENING STANDARD

Federal law requires a district court to conduct an initial screening of a civil complaint filed by a self-represented litigant seeking to proceed in a lawsuit in

---

[2] Judicial notice is the "court's acceptance, for purposes of convenience and without requiring a party's proof, of a well-known and indisputable fact; the court's power to accept such a fact." Black's Law Dictionary (12th ed. 2024); *see also United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992) ("We may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.") (internal citations and quotation marks omitted).

[3] Publicly available records of the Alaska Court System may be accessed online at https://courts.alaska.gov/main/search-cases.htm.

Case No. 3:25-cv-00190-SLG, *Sutherland v. Bales, et al.*
Screening Order
Page 2 of 20
Case 3:25-cv-00190-SLG    Document 4    Filed 01/26/26    Page 2 of 20

federal court without paying the filing fee.[4] In this screening, a district court must dismiss the case at any time if the court determines that the action:

    (i)    is frivolous or malicious;

    (ii)    fails to state a claim on which relief may be granted; or

    (iii)    seeks monetary relief against a defendant who is immune from such relief.[5]

In conducting its screening review, a district court must accept as true the allegations of the complaint, construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.[6] However, a court is not required to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.[7] Although the scope of review generally is limited to the contents of the complaint, a court may also consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice.[8] Such documents that contradict the allegations of a complaint may fatally undermine the complaint's allegations.[9] Moreover, even if a complaint

---

[4] *Calhoun v. Stahl,* 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners[.]").

[5] 28 U.S.C. § 1915(e)(2)(B).

[6] *Bernhardt v. Los Angeles County*, 339 F.3d 920, 925 (9th Cir. 2003) (holding that a court must construe pleadings filed by self-represented litigants liberally and afford the complainant the benefit of any doubt).

[7] *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), *amended by* 275 F.3d 1187 (2001).

[8] *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003).

[9] *Sprewell*, 266 F.3d 979 at 988 (noting that a plaintiff can "plead himself out of a claim by including . . . details contrary to his claims").

Case No. 3:25-cv-00190-SLG, *Sutherland v. Bales, et al.*
Screening Order
Page 3 of 20
Case 3:25-cv-00190-SLG    Document 4    Filed 01/26/26    Page 3 of 20

meets the pleading requirements, dismissal under § 1915 is still appropriate if an affirmative defense, such as untimeliness, is an "obvious bar to securing relief on the face of the complaint."[10]

Before a court may dismiss any portion of a complaint, a court must provide a self-represented plaintiff with a statement of the deficiencies in the complaint and an opportunity to file an amended complaint, unless to do so would be futile.[11] Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency."[12]

## DISCUSSION

### I. Summary of Plaintiff's Claims

Plaintiff's Complaint alleges that he was arrested on or about July 10, 2023, and "was in need of emergent care at the time of his arrest."[13] Plaintiff claims he was arrested without probable cause and subsequently prosecuted based on false statements made by Officer Luke Bowe and Detective Heidi Schaeffer. Plaintiff claims that the acts of these officers violated the First, Fourth, and Fourteenth Amendments to the Constitution.[14]

---

[10] *Washington v. Los Angeles Cnty. Sheriff's Dep't.,* 833 F.3d 1048, 1056 (9th Cir. 2016) (internal quotation marks omitted).

[11] *Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

[12] *Schreiber Distributing Co. v. Serv-Well Furniture Co.,* 806 F.2d 1393, 1401 (9th Cir. 1986).

[13] Docket 1 at 3.

[14] Docket 1 at 6.

Case No. 3:25-cv-00190-SLG, *Sutherland v. Bales, et al.*
Screening Order
Page 4 of 20
Case 3:25-cv-00190-SLG     Document 4     Filed 01/26/26     Page 4 of 20

The following day, on July 11, 2023, while in DOC custody, Plaintiff was transported to Alaska Regional Hospital. Plaintiff alleges he was evaluated by an emergency room physician and that an MRI revealed that he needed emergency spine surgery. Shortly thereafter, although the exact date is unclear, Dr. James Bales performed the surgery giving rise to Plaintiff's inadequate medical care claims. Plaintiff asserts that Dr. Bales knowingly failed to perform necessary surgical procedures, "left a large debris field of bone and disc in place," and caused an infection and permanent damage to his spine.[15] He also alleges that Dr. Bales's post-operative notes falsely represented that he had performed the necessary surgical procedures.

Plaintiff states that several days later, after he bonded out of custody, a second MRI at Providence Hospital confirmed that Dr. Bales had not performed the procedures he claimed to have performed. Plaintiff alleges that Dr. Samuel Waller later performed the necessary surgery and informed Plaintiff that Dr. Bales "did nothing that he said he did, which had the effect of causing more instability of the spine and permanent damage."[16] Plaintiff claims the actions and inactions of Dr. Bales violated the Eighth Amendment and constitute assault, battery, and gross negligence.[17] Plaintiff also seeks to hold Dr. Jacob Light and unnamed

---

[15] Docket 1 at 4.

[16] Docket 1 at 5.

[17] Docket 1 at 6.

Case No. 3:25-cv-00190-SLG, *Sutherland v. Bales, et al.*
Screening Order
Page 5 of 20
Case 3:25-cv-00190-SLG    Document 4    Filed 01/26/26    Page 5 of 20

operating room staff liable for falsely agreeing that certain procedures had been done by Dr. Bales when they had not been done; he also seeks to hold Alaska Regional Hospital liable as Dr. Bales's employer.

The Complaint also alleges that an unknown Pretrial Services officer ("John Doe") filed two erroneous warrants against him and that an unknown APD officer ("Jane Doe") contacted him in an "attempt to scare him off [of filing this lawsuit] and complaining on social media sites."[18] Plaintiff claims that these actions violated the First, Fourth, and Fourteenth Amendments.[19]

For relief, Plaintiff seeks $1 million from each Defendant.

## II. Requirements to State a Claim

Rule 8 of the Federal Rules of Civil Procedure instructs that a complaint must contain a "short and plain statement of the claim showing that the [complainant] is entitled to relief[.]"[20] While a complaint need not, and should not, contain every factual detail, "unadorned, the defendant-unlawfully-harmed-me accusation[s]" are insufficient to state a claim.[21] Although a federal court must construe complaints filed by self-represented plaintiffs filings liberally, a court cannot act as an attorney for a self-represented litigant, such as by supplying the

---

[18] Docket 1 at 5.

[19] Docket 1 at 6.

[20] Fed. R. Civ. P. 8(a)(2).

[21] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Case No. 3:25-cv-00190-SLG, *Sutherland v. Bales, et al.*
Screening Order
Page 6 of 20
Case 3:25-cv-00190-SLG   Document 4   Filed 01/26/26   Page 6 of 20

essential elements of a claim.[22] A complaint must allege that the plaintiff suffered a specific injury as a result of the conduct of a particular defendant, and it must allege an affirmative link between that specific injury and the conduct of that defendant.[23]

Further, multiple defendants may be joined in a single action only when the claims asserted against the defendants arise "out of the same transaction, occurrence, or series of transactions or occurrences" and "any question of law or fact common to all defendants will arise in the action."[24] Unrelated claims against different defendants must be filed in separate lawsuits.

A federal court may exercise supplemental jurisdiction over related state law claims that "form part of the same case or controversy" as a federal clam, but a plaintiff must first have a cognizable claim for relief under federal law.[25] However, a district court may decline to exercise supplemental jurisdiction if ("1) the claim raises a novel or complex issue of State law, (2) the claim substantially predominates over the claim or claims over which the district could has original jurisdiction, (3) the district court has dismissed all claims over which it has original jurisdiction, or (4) in exceptional circumstances, there are other compelling

---

[22] *Pliler v. Ford,* 542 U.S. 225, 231 (2004); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

[23] *Rizzo v. Goode*, 423 U.S. 362, 371-72 (1976).

[24] Fed. R. Civ. P. 20(a)(2).

[25] 28 U.S.C. § 1367(a).

Case No. 3:25-cv-00190-SLG, *Sutherland v. Bales, et al.*
Screening Order
Page 7 of 20
Case 3:25-cv-00190-SLG   Document 4   Filed 01/26/26   Page 7 of 20

reasons for declining jurisdiction."[26]

### III. Civil Rights Claims under Section 1983

To state a claim for relief under Section 1983, a plaintiff must allege plausible facts that, if proven, would establish that (1) the defendant acting under color of state law (2) deprived the plaintiff of rights secured by the federal Constitution or an enforceable right created by a federal statute.[27] Section 1983 does not confer constitutional or federal statutory rights. Instead, it provides a mechanism for remedying violations of pre-existing federal rights.[28]

To proceed on a Section 1983 claim, a plaintiff must plausibly allege facts that the defendant was acting as a state actor. There is a "presumption that conduct by private actors is not state action."[29] Generally, private doctors and hospitals are not considered to be state actors.[30] And yet the Supreme Court has held that a physician who was under contract with the State to provide medical services to inmates at a state prison on a part-time basis acted under color of state law within the meaning of § 1983 when he treated the inmate.[31]

---

[26] 28 U.S.C. § 1367(c).

[27] *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

[28] *Graham v. Connor*, 490 U.S. 386, 393–94 (1989).

[29] *Florer v. Congregation Pidyon Shevuyim, N.A.,* 639 F.3d 916, 922 (9th Cir. 2011) (citation omitted).

[30] *Briley v. State of Cal.,* 564 F.2d 849, 855-56 (9th Cir. 1977) (noting that "private hospitals and physicians have consistently been dismissed from § 1983 actions for failing to come within the color of state law requirement of this section").

[31] *West v. Atkins,* 487 U.S. 42, 54-56 (1988); *see also George v. Sonoma County Sheriff's Dept.,* 732 F. Supp. 2d 922 (N.D. Cal. 2010) (finding that even though a medical center was privately
Case No. 3:25-cv-00190-SLG, *Sutherland v. Bales, et al.*
Screening Order
Page 8 of 20
Case 3:25-cv-00190-SLG   Document 4   Filed 01/26/26   Page 8 of 20

### A. Plaintiff's Eighth Amendment claim must be dismissed.

The protections of the Eighth Amendment's Cruel and Unusual Punishment Clause are "reserved for 'those convicted of crimes'. . . ."[32] Plaintiff was not a convicted prisoner in the custody of the State at the time of the alleged violations, and as such, the Eighth Amendment does not apply. Therefore, Plaintiff's claims under the Eighth Amendment must be dismissed with prejudice. Plaintiff's inadequate medical care claims when he was a pretrial detainee are evaluated under the Due Process Clause of the Fourteenth Amendment.[33]

### B. Plaintiff's claim of inadequate medical care under the Fourteenth Amendment

To state a Fourteenth Amendment inadequate medical care claim, a plaintiff must plausibly allege facts to support each of the following elements: First, the defendant made an intentional decision regarding the denial of needed medical care. Second, the denial of the needed medical care put the plaintiff at substantial risk of suffering serious harm. Third, the defendant did not take reasonable available measures to abate or reduce the risk of serious harm, even though a reasonable health care provider under the circumstances would have understood the high degree of risk involved making the consequences of the defendant's

---

owned and also treated non-inmates, its contractual relationship with the county and its role in providing medical care to inmates made it a state actor).

[32] *Hawkins v. Comparet-Cassani*, 251 F.3d 1230, 1238 (9th Cir. 2001) (quoting *Whitley*, 475 U.S. at 318).

[33] *Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979).

Case No. 3:25-cv-00190-SLG, *Sutherland v. Bales, et al.*
Screening Order
Page 9 of 20
Case 3:25-cv-00190-SLG     Document 4     Filed 01/26/26     Page 9 of 20

conduct obvious and objectively unreasonable. And fourth, by not taking such measures, the defendant caused the plaintiff's injuries.[34]

Liberally construing Plaintiff's inadequate medical care claim under the Fourteenth Amendment, and assuming Dr. Bales would be found to be a state actor, Plaintiff's Complaint contains sufficient facts to state a plausible Fourteenth Amendment claim against Dr. Bales. However, as explained below, Plaintiff fails to state a constitutional claim against Alaska Regional Hospital, Dr. Jacob Light, or any unnamed hospital employee. Further, Plaintiff's inadequate medical care claim against Dr. Bales appears to be time-barred by the statute of limitations.

### 1. Plaintiff's claims against Dr. Light and unnamed hospital personnel

To assert a Section 1983 claim against individuals other than Dr. Bales, Plaintiff must allege facts showing each defendant's personal involvement in the alleged constitutional violation.[35] Liability under Section 1983 cannot be based on a defendant's supervisory role, generalized participation in medical care, or mere presence during the alleged events giving rise to a plaintiff's claims.[36] Plaintiff's vague and conclusory allegations about the involvement of Dr. Light and other

---

[34] *See* Ninth Circuit Manual of Model Civil Jury Instructions, Instruction 9.30 and cases cited therein.

[35] *Iqbal*, 556 U.S. at 676-78. *See also Ewing v. City of Stockton*, 588 F.3d 1218, 1235 (9th Cir. 2009).

[36] *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 694 n. 58 (1978).

Case No. 3:25-cv-00190-SLG, *Sutherland v. Bales, et al.*
Screening Order
Page 10 of 20
Case 3:25-cv-00190-SLG    Document 4    Filed 01/26/26    Page 10 of 20

health care providers are insufficient to state a claim against any of the other hospital staff apart from Dr. Bales.

Moreover, Plaintiff's allegation that Dr. Light and unnamed medical staff "fraudulently represented that [Dr. Bales] did the required procedures"[37] might support a state law tort claim but does not constitute a Fourteenth Amendment violation. Because Plaintiff has not stated and cannot state any viable federal constitutional claim against Dr. Light or any unnamed hospital personnel, these defendant must be dismissed without leave to amend in federal court. Plaintiff may choose to proceed in this action solely on his federal claim against Dr. Bales, or he may voluntarily dismiss this action and pursue both his federal and state law claims against all the health care defendants in state court.

### 2. Plaintiff's claims against Alaska Regional Hospital

A private entity may not be held liable under Section 1983 based solely on the alleged constitutional violations of its employees.[38] There is no vicarious liability under Section 1983.[39] A private entity may only be liable under Section 1983 if: (1) it acted under color of state law, and (2) a policy, practice, or custom of the entity can be shown to be the "moving force behind a violation of constitutional

---

[37] *Rizzo v. Goode,* 423 U.S. 362, 371-72 (1976).

[38] *Monell v. Department of Social Services*, 436 U.S. 658 (1978).

[39] *Palmer v. Sanderson,* 9 F.3d 1433, 1437-38 (9th Cir. 1993). *See also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) ("There is no *respondeat superior* liability under section 1983.").

Case No. 3:25-cv-00190-SLG, *Sutherland v. Bales, et al.*
Screening Order
Page 11 of 20
Case 3:25-cv-00190-SLG    Document 4    Filed 01/26/26    Page 11 of 20

rights."[40] Plaintiff has not identified a policy or custom of the hospital that allegedly caused his injuries. Rather, his Complaint appears to allege that Dr. Bales was deliberately indifferent to Plaintiff's medical needs. Therefore, Plaintiff cannot maintain a Section 1983 claim against Alaska Regional Hospital.[41]

### 3. The statute of limitations would appear to bar Plaintiff's claim against Dr. Bales

A statute of limitations is a law that limits the time a plaintiff has to file a case.[42] "Statutes of limitations require plaintiffs to pursue diligent prosecution of known claims," and serve to "protect defendants against stale or unduly delayed claims."[43] They also "ensure that claims are filed before essential evidence disappears."[44] Therefore, if a claim is not filed within the applicable statute of limitations, dismissal is proper, including when a plaintiff is self-represented.[45]

---

[40] *Dougherty v. City of Covina,* 654 F.3d 892, 900 (9th Cir. 2011) (citing *Monell,* 436 U.S. at 694).

[41] Plaintiff may be able to add Alaska Regional Hospital as a party to this case if Plaintiff's amended complaint contains state law claims as to Dr. Bales to which vicarious liability may apply, if this Court were to exercise supplemental jurisdiction over such claims.

[42] STATUTE OF LIMITATIONS, Black's Law Dictionary (12th ed. 2024); *see also Bird v. Dep't of Human Servs.*, 935 F.3d 738, 743 (9th Cir. 2019) ("[A] claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action.") (internal citation omitted).

[43] *Smith v. Davis*, 953 F.3d 582, 591 (9th Cir.), *cert. denied*, 141 S. Ct. 878 (2020) (internal citations omitted).

[44] *Belanus v. Clark*, 796 F.3d 1021, 1027 (9th Cir. 2015).

[45] *Robinson v. Alaska Hous. Fin. Corp.*, 442 P.3d 763, 766, 769 (Alaska 2019) (dismissing self-represented plaintiff's complaint for failure to bring tort claim within two years of cause of action's accrual).

Case No. 3:25-cv-00190-SLG, *Sutherland v. Bales, et al.*
Screening Order
Page 12 of 20
Case 3:25-cv-00190-SLG    Document 4    Filed 01/26/26    Page 12 of 20

A Section 1983 claim accrues when the plaintiff knows, or should know, of the injury on which the cause of action is based.[46] A claim ordinarily accrues on date of the injury.[47] Because Section 1983 does not contain its own statute of limitations, federal courts apply the forum state's statute of limitations for personal injury actions.[48] Federal courts also apply a forum state's law regarding tolling, including equitable tolling, when not inconsistent with federal law.[49] In Alaska, the statute of limitations for personal injury claims is two years.[50]

Here, the emergency surgery giving rise to Plaintiff's claim against Dr. Bales allegedly occurred on or about July 11, 2023. Plaintiff was aware then of the alleged events on that date, or at least within "a few days" after he surgery when he was evaluated and treated at a different hospital.[51] But Plaintiff filed this case on September 9, 2025, almost two months after the two-year statute of limitations had expired.

---

[46] *Pouncil v. Tilton,* 704 F.3d 568, 573 (9th Cir.2012) (holding that "[f]ederal law determines when a cause of action for a Section 1983 claim accrues and, hence, when the statute of limitations begins to run").

[47] *Belanus v. Clark*, 796 F.3d 1021, 1025 (9th Cir. 2015) (quoting *Kimes v. Stone,* 84 F.3d 1121, 1128 (9th Cir.1996)).

[48] *Butler v. Nat'l Cmty. Renaissance of Cal.,* 766 F.3d 1191, 1198 (9th Cir. 2014).

[49] *See Hardin v. Straub,* 490 U.S. 536, 537–39 (1989).

[50] Alaska Stat. § 09.10.070.

[51] Docket 1 at 4-5.

Case No. 3:25-cv-00190-SLG, *Sutherland v. Bales, et al.*
Screening Order
Page 13 of 20
Case 3:25-cv-00190-SLG    Document 4    Filed 01/26/26    Page 13 of 20

Plaintiff does not claim that he was legally incompetent during the limitations period.[52] Nor has he pleaded "extraordinary circumstances" outside of his control that made it impossible for him to timely file the complaint.  Further, Alaska courts have found that even major life stressors—such as illness, homelessness, or imprisonment—are insufficient to justify tolling.[53] Because Plaintiff was released on bail after only a short detention, it is unlikely that he could establish that the statute of limitations should be tolled.

For these reasons, Plaintiff's claim against Dr. Bales appear to be time barred. A time-barred claim may be dismissed at the screening stage when the expiration of the applicable statute of limitations "is apparent on the face of the complaint."[54] However, before dismissing Plaintiff's claim against Dr. Bales as time-barred, Plaintiff will be given an opportunity to address equitable tolling.[55] In an amended complaint, Plaintiff must allege facts that support the tolling of the

---

[52] Alaska Stat. § 09.10.140(a).

[53] *Kaiser v. Umialik Ins.,* 108 P.3d 876, 882 (Alaska 2005) (finding divorce, incarceration, and illness insufficient to justify tolling the statute of limitations).

[54] *Von Saher v. Norton Simon Museum of Art at Pasadena,* 592 F.3d 954, 969 (9th Cir. 2010) (quoting *Huynh v. Chase Manhattan Bank,* 465 F.3d 992, 997 (9th Cir. 2006)) (internal quotation marks omitted), *cert. denied,* 131 S. Ct. 3055 (2011); *Belanus v. Clark,* 796 F.3d 1021, 1024-25 (9th Cir. 2015) (affirming dismissal of *pro se* complaint upon screening pursuant to 28 U.S.C. § 1915A, in part, because prisoner's complaint, on its face, appeared to be untimely and barred by the applicable statute of limitations).

[55] *Cervantes v. City of San Diego,* 5 F.3d 1273, 1276-77 (9th Cir. 1993) (noting that dismissal on statute of limitations grounds is disfavored where matters outside the complaint are not considered and where equitable tolling may apply).

Case No. 3:25-cv-00190-SLG, *Sutherland v. Bales, et al.*
Screening Order
Page 14 of 20
Case 3:25-cv-00190-SLG     Document 4     Filed 01/26/26     Page 14 of 20

statute of limitations or otherwise demonstrate why his inadequate medical care claim against Dr. Bales is not time barred.

### C. Plaintiffs' remaining claims

Plaintiff claims that APD Officer Jane Doe contacted him because he called Alaska Regional Hospital twice and posted a complaint on the hospital's social media page. However, Plaintiff has not alleged that Jane Doe took any adverse action against Plaintiff because of Plaintiff's protected activity. Therefore, Plaintiff's has failed to state a plausible retaliation claim against Officer Jane Doe.

Further, Plaintiff's claim against Officer Doe is, at best, only tangentially related to Plaintiff's claim against Dr. Bales. Thus, any retaliation claim against Officer Doe must be brought, if at all, in a separate court case. Accordingly, Plaintiff's claim in this case against Officer Jane Doe is dismissed without leave to amend.

Plaintiff's Complaint also alleges claims of unlawful arrest, illegal search and seizure, and fabrication of evidence against the Anchorage Police Department and two of its officers that led to Plaintiff's arrest on July 10, 2023. But these claims involve a different date and markedly different facts from Plaintiff's inadequate medical care claims. Plaintiff's assertion that he would not have had the surgery giving rise to his inadequate medical care claims if he had not been improperly prosecuted in the first place does not create a sufficient nexus for these claims to proceed in the same case as Plaintiff's claim against Dr. Bales.

Case No. 3:25-cv-00190-SLG, *Sutherland v. Bales, et al.*
Screening Order
Page 15 of 20
Case 3:25-cv-00190-SLG     Document 4     Filed 01/26/26     Page 15 of 20

Likewise, Plaintiff against Pretrial Services Office John Doe is not sufficiently related to his claims against Dr. Bales. Plaintiff refers to the two bench warrants issued during the course of his criminal proceedings.[56] A review of the state court records indicate that both of these warrants were issued in 2024.[57] Thus, Plaintiff's claim against PSO John Doe cannot be joined in this action.

### IV. Filing an Amended Complaint

An amended complaint replaces the prior complaint in its entirety.[58] Plaintiff is being given an opportunity to file an amended complaint only as to his inadequate medical care claims against Dr. Bales. An amended complaint must not expand the scope of the case by alleging new unrelated parties or claims. **An amended complaint must address whether Plaintiff properly qualifies for equitable tolling or other grounds sufficient to overcome the applicable statute of limitations as to his claims against Dr. Bales.**

An amended complaint must contain separately numbered, clearly identified allegations. If handwritten, it must be legible. The amended complaint should identify the specific injury that the plaintiff is alleging was caused by the defendant, when that injury occurred, and where that injury occurred. In addition, the allegations of the amended complaint must be set forth in sequentially numbered

---

[56] Docket 1 at 5.

[57] *State of Alaska vs. Sutherland, Ronald David,* Case No. 3AN-23-05101CR, Docket 07/11/2024 (Bench Warrant Issued); Docket 09/19/2024 (Bench Warrant Issued).

[58] *See* Fed. R. Civ. P. 15; District of Alaska Local Civil Rule 15.1.

Case No. 3:25-cv-00190-SLG, *Sutherland v. Bales, et al.*
Screening Order
Page 16 of 20
Case 3:25-cv-00190-SLG   Document 4   Filed 01/26/26   Page 16 of 20

short paragraphs, with no paragraph number being repeated anywhere in the complaint.[59] Rule 10(b) of the Federal Rules of Civil Procedure requires that "[a] party must state its claims or defenses as numbered paragraphs, each limited as far as practicable to a single set of circumstances."

If Plaintiff files an amended complaint, the Court will screen the amended complaint to determine whether it is subject to dismissal or whether that complaint may proceed to the next stage of litigation. Should the amended complaint proceed beyond the screening stage, the Court will order service of that complaint on Defendant(s). Plaintiff must not attempt to serve any Defendant until the Court so orders.

**IT IS THEREFORE ORDERED:**

1. Plaintiff's Complaint at **Docket 1 is DISMISSED.**

2. Plaintiff is accorded leave to file an amended complaint only as to his inadequate medical care claim against Dr. Bales and only if he can allege facts supporting tolling of the statute of limitations or otherwise demonstrate why his inadequate medical care claim is not time-barred.

3. Plaintiff's claims against Officer Bowe, Detective Schaeffer, Pretrial Services Officer John Doe, Officer Jane Doe, and the Anchorage Police

---

[59] A complaint must consist of continuously numbered paragraphs from beginning to end; do not start each new section with number 1. This allows ease of reference to the various allegations in the complaint and permits the defendants to admit or deny each specific allegation by paragraph.

Case No. 3:25-cv-00190-SLG, *Sutherland v. Bales, et al.*
Screening Order
Page 17 of 20
Case 3:25-cv-00190-SLG    Document 4    Filed 01/26/26    Page 17 of 20

Department are DISMISSED without leave to amend in this case; these defendants must not be included in an amended complaint filed in this case.

4. Plaintiff's Section 1983 claims against Dr. Light, all unnamed hospital employees, and Alaska Regional Hospital are DISMISSED without leave to amend in this case; these defendants must not be included in an amended complaint filed in this case.

5. Plaintiff is accorded **60 days** from the date of this order to file either:

   a. <u>First Amended Complaint</u>, in which Plaintiff revises his complaint as to only his claim against Dr. Bales related to his spinal surgery. An amended complaint should be on the Court's form, which is being provided to Plaintiff with this order; OR

   b. <u>Notice of Voluntary Dismissal</u>, in which Plaintiff elects to close and end this case and not pursue his claim against Dr. Bales.

6. If Plaintiff does not file either a First Amended Complaint or Notice of Voluntary Dismissal on the Court's form within 60 days of the date of this order, this case shall be dismissed for failure to state a claim without further notice to Plaintiff.

7. Plaintiff's application to waive payment of the filing fee at **Docket 2 is GRANTED**.

8. Self-represented litigants are expected to review and comply with the Federal Rules of Civil Procedure, the District of Alaska's Local Civil Rules, and all

Case No. 3:25-cv-00190-SLG, *Sutherland v. Bales, et al.*
Screening Order
Page 18 of 20
Case 3:25-cv-00190-SLG    Document 4    Filed 01/26/26    Page 18 of 20

Court orders.[60] Failure to do so may result in the imposition of sanctions authorized by law, including dismissal of the action.

9. At all times, all parties shall keep the Court informed of any change of address or phone number. Such notice shall be titled "Notice of Change of Address." The Notice shall contain only information about the change of address, and its effective date.[61] The Notice shall not include requests for any other relief. A Notice of Change of Address form, PS23, may be obtained from the Clerk of Court, if needed. If Plaintiff fails to keep a current address on file with the Court, that may result in a dismissal of the case without further notice to Plaintiff.

10. All litigants are responsible for keeping copies of everything filed with the Court. As a courtesy, the Clerk's Office will keep original filings from self-represented litigants, including exhibits, for 180 days from the date the document was filed. However, litigants should not send the Court important original documents or documents that cannot be replaced.[62] Copies of documents filed

---

[60] *See* 28 U.S.C. § 1654 (permitting parties in federal court to represent themselves or be represented by an attorney, subject to the court's rules); Local Civil Rule 1.1(a)(3) ("All parties, including self-represented parties, must comply with these Local Rules and the Federal Rules of Civil Procedure. References in these rules to 'counsel' or 'attorneys' also refer to self-represented parties."). *See also* U.S. Courts, Federal Rules of Civil Procedure, https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure; U.S. District Court for the District of Alaska, Local Rules and Orders, https://www.akd.uscourts.gov/court-info/local-rules-and-orders/local-rules.

[61] *See* District of Alaska Local Civil Rule 11.1(b) (requiring a notice of change of address to be filed, as "[s]elf-represented parties must keep the court and other parties advised of the party's current address and telephone number").

[62] If an original must be returned, a Motion for Return of Document should be filed as soon as possible.

Case No. 3:25-cv-00190-SLG, *Sutherland v. Bales, et al.*
Screening Order
Page 19 of 20
Case 3:25-cv-00190-SLG     Document 4     Filed 01/26/26     Page 19 of 20

with the Court may be obtained from the Clerk's Office for 50 cents per page.[63] In the event of special circumstances or serious financial need, a litigant may ask for the copying costs to be waived or reduced prior to accruing charges.[64]

    11.    With this order, the Clerk is directed to send: (1) form PS15, with "FIRST AMENDED" written above the title "Complaint Under the Civil Rights Act 42 U.S.C. § 1983; (2) form PS09, Notice of Voluntary Dismissal; and (3) form PS23, Notice of Change of Address.

    DATED this 26th day of January, 2026, at Anchorage, Alaska.

                                               */s/ Sharon L. Gleason*
                                               SHARON L. GLEASON
                                               UNITED STATES DISTRICT JUDGE

---

[63] Alaska Local Civil Rule 79.2(b). *See also* 28 U.S.C. § 1914, Judicial Conference Schedule of Fees at ¶ 4(a).

[64] *See* PACER, Options to Access Records if You Cannot Afford PACER Fees, https://pacer.uscourts.gov/my-account-billing/billing/options-access-records-if-you-cannot-afford-pacer-fees (last accessed Jan. 5, 2026).

Case No. 3:25-cv-00190-SLG, *Sutherland v. Bales, et al.*
Screening Order
Page 20 of 20
Case 3:25-cv-00190-SLG    Document 4    Filed 01/26/26    Page 20 of 20